UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JACK GONCALVES, | : | CIVIL CASE NO. |
|     Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| | : | |
| STATE OF CONNECTICUT, DEPARTMENT | : | |
| OF PUBLIC SAFETY, DIVISION OF STATE | : | |
| POLICE | : | |
|     Defendant. | : | OCTOBER 12, 2010 |

## COMPLAINT

**I.    PRELIMINARY STATEMENT**

1. This action seeks declaratory, injunctive and equitable relief, and compensatory damages, and costs and attorney fees for the national origin, and ethnic background discrimination to which the plaintiff was subjected by the defendant, including its unlawful refusal to promote the plaintiff to the position of Sergeant on account of the plaintiff's national origin and ethnic background.

**II.   JURISDICTION**

2. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., and the Civil Rights Act of 1991, 42 U.S.C. §1981a.

3. Moreover, the plaintiff brings this action claiming a violation of the Connecticut Fair Employment Practices Act.

4. Jurisdiction is invoked pursuant to Title 28 U.S.C. §1343(a)(3), Title 28 U.S.C. §1343(a)(4) and Title 42 U.S.C. §2000e-5(f).

5. The Court has jurisdiction over the plaintiff's state law claims pursuant to the doctrine of supplemental jurisdiction.

5. All conditions precedent to jurisdiction under Section 706 of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e-5(f)(3), have occurred or have been complied with in the following manner:

   a. A charge of employment discrimination on the basis of race and color was filed on or November 20, 2009, with both the State of Connecticut Commission on Human Rights and Opportunities and the United States Equal Employment Opportunity Commission, which filings were within 180 days of the commission of the unlawful employment practices alleged herein;

   b. By letter dated September 21, 2010, the plaintiff was issued a "notice of right to sue within 90 days" by the United States Department of Justice. (A copy of which is attached, and labeled Exhibit 1.)

      c. On September 10, 2010, the Connecticut Commission on Human Rights and Opportunities issued to the plaintiff a "Release of Jurisdiction. (A copy of which is attached, and labeled Exhibit 2.)

6. Declaratory, injunctive, compensatory and equitable relief is sought pursuant to Title 28 U.S.C. §2201, §2202 and Title 42 U.S.C. §2000e-5(g). Compensatory damages are sought pursuant to Title 42 U.S.C. §1981a.

7. Costs and attorney fees may be awarded pursuant to Title 42 U.S.C. §2000e-5(k), and Title 42 U.S.C. §1988.

### III. VENUE

8. This action properly lies in the District of Connecticut pursuant to Title 29 U.S.C. §1391(b) because the claim arose in this judicial district, and pursuant to Title 42 U.S.C. §2000e-5(f)(3), because the unlawful employment practice was committed in this judicial district.

### IV. PARTIES

9. The plaintiff is a citizen of the United States, and resides in Shelton, Connecticut.

10. The plaintiff's national origin is the country of Portugal.

11. The plaintiff is of Portuguese descent.

12. The defendant is an employer which engages in an industry affecting commerce and, upon information and belief, employs more than 15 regular employees.

13. The defendant is a political subdivision of the State of Connecticut.

14. The defendant is a person within the meaning of Section 701(a) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(a).

15. The defendant is an employer within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(b).

## V.   STATEMENT OF FACTS

16. The plaintiff has served as a member of the Connecticut State Police since February 14, 1997, holding the position of State Trooper, presently stationed at Troop G, 149 Prospect Street, Bridgeport, Connecticut 06604.

17. The plaintiff's ethnicity and alienage were well known to the defendant, and its supervisory personnel who made the decision not to promote the plaintiff.

18. During the entire course of his employment as a State Trooper, the plaintiff has performed his duties and responsibilities in an exemplary manner.

19. The plaintiff is on the defendant's eligibility list for the position of Sergeant.

20. The position of Sergeant within the State of Connecticut, Department of Public Safety, Division of State Police is a promotional rank.

21. To qualify for promotion to the position of Sergeant within the State of Connecticut, Department of Public Safety, Division of State Police, a candidate is required to pass a civil service promotional examination.

22. Candidates who pass the promotional examination for the position of Sergeant in the State of Connecticut, Department of Public Safety, Division of State Police, are placed on a promotion eligibility list on which they are ranked according to their scores on the examination.

23. The State of Connecticut, Department of Public Safety, Division of State Police is required under the provisions of the Connecticut General Statutes § 5-195 to make promotions "according to merit and fitness as ascertained by examinations given in accordance with the provisions of" the State Personnel Act.

24. The plaintiff possessed all the necessary qualifications for appointment to the position of Sergeant in the State of Connecticut, Department of Public Safety, Division of State Police.

25. Based on the plaintiff's position on the Sergeant's promotion list, the plaintiff should have been appointed to the position of Sergeant when promotions were announced by the defendant on November 6, 2009.

26. On November 6, 2009, the defendant bypassed the plaintiff for promotion to the position of Sergeant; instead it appointed individuals who were rated below the plaintiff on the promotion eligibility list.

27. The defendant refused to promote the plaintiff to the position of Sergeant on the basis of an illicit reason.

28. The defendant concocted a baseless reason for refusing to promote the plaintiff to the position of Sergeant.

29. The defendant claimed that the plaintiff demonstrated a lapse in judgment when he attended his son's soccer game, taking a break during his work shift.

30. The plaintiff, prior to attending his son's soccer game, followed long established protocol of the State of Connecticut, Department of Public Safety, Division of State Police, when he radioed the dispatch officer requesting to go off duty for the time he would attend his son's soccer game.

31. Before attending his son's soccer game, the plaintiff received the express approval of the dispatch officer for the break from his work shift.

32. The plaintiff's conduct was completely consistent with department policy and procedure.

33. When confronted by the plaintiff regarding the unfairness of the accusation, the defendant asserted that it had received a complaint from an unidentified woman attending the soccer game.

34. As a result of the flimsiness of its reason for refusing to promote the plaintiff, the defendant filed a complaint against the plaintiff with the Connecticut State Police, Office of Professional Standards & Training, Internal Affairs.

35. The Office of Professional Standards & Training, Internal Affairs, closed the complaint, finding that the performance evaluation report satisfactorily addressed the issue, and that "no further action" was required.

36. Before making the complaint to the Office of Professional Standards & Training, Internal Affairs, the defendant, as noted above, issued a performance evaluation report to the plaintiff.

37. The performance evaluation report, likewise, was unjustified, since the plaintiff had followed proper procedure in taking time off from his work shift to attend his son's soccer game.

38. The State of Connecticut, Department of Public Safety, Division of State Police has no supervisory personnel of the rank of Sergeant or higher, who are of Portuguese ancestry.

39. The plaintiff, if he had been promoted to the position of Sergeant, would have been the only individual of Portuguese ancestry serving in the position.

40. The officials of the defendant were motivated by their bias against individuals of Portuguese ancestry when they manufactured reasons for denying the plaintiff the promotion to the position of Sergeant to which he was lawfully entitled.

41. The defendant has a long history and custom of appointing candidates to the position of Sergeant based on their rank on the Sergeant eligibility list.

42. The excuse of "lapse of judgment" employed by the defendant for refusing to promote the plaintiff to the position of Sergeant is a pretext for national origin, and/or ethnic bias.

43. There did not exist a legitimate reason for the defendant's refusal to promote the plaintiff to the position of Sergeant.

44. Similarly situated non-Portuguese employees of the defendant have not been denied promotions under circumstances similar to those of the plaintiff.

45. In justifying it refusal to promote the plaintiff, the defendant relies on various "Performance Evaluation Reports."

46. The defendant's reliance on "Performance Evaluation Reports" is unfair and unwarranted since "Performance Evaluation Reports," under the defendant's own policies and procedures, are not considered discipline or a disqualifying event with regard to promotion eligibility.

47. The defendant's reliance on "Performance Evaluation Reports" to disqualify the plaintiff from eligibility for promotion to the position of Sergeant is a pretext for the national origin and ethnicity discrimination which the defendant directed at the plaintiff.

48. Contrary to the inferences which the defendant has attempted to create, the plaintiff's work history, disciplinary history and use of sick time does not contain any information which would disqualify the plaintiff from being promoted to the position of Sergeant.

49. The negative recommendation of the plaintiff's commanding officer regarding the plaintiff's qualifications for promotion to the position of Sergeant was biased, arbitrary, and capricious, and was completely untrue lacking any basis in fact.

50. The "objective" qualifications of the complainant when compared with those troopers selected for promotion clearly demonstrates that the complainant was as qualified, if not more qualified than those receiving promotions.

## VI.   FIRST CAUSE OF ACTION (Unlawful Discrimination in Violation of Title VII; Termination of Employment)

51-100. The plaintiff incorporates as if re-alleged paragraphs 1 through 50.

101. Since the plaintiff's national origin and ethnic background were motivating factors and made a difference in the decision by the defendant to deny the plaintiff a promotion to the position of Sergeant, the defendant violated the provisions of Title VII of the Civil Rights Act of 1964, as amended.

102. The defendant engaged in discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

103. The defendant's refusal to promote the plaintiff to the position of Sergeant constitutes unlawful national origin and ethnicity discrimination.

104. At all times, the plaintiff was fully capable and possessed the necessary qualifications to perform the duties of the position of Sergeant.

105. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged and the plaintiff is now suffering and will continue to suffer irreparable injury from his treatment by the defendant unless the defendant is enjoined by this Court.

106. Despite past and ongoing diligent efforts to secure a promotion to the rank of Sergeant, the defendant has refused to promote the plaintiff.

107. The plaintiff will suffer future pecuniary losses as a direct result of the defendant's discrimination.

### VII. SECOND CAUSE OF ACTION (Violation of Connecticut Fair Employment Practices Act)

108-157.   The plaintiff incorporates as if re-alleged paragraphs 1 through 50.

158. The defendant discriminated against the plaintiff on the basis of his national origin and ethnic background in violation of the Connecticut Fair Employment Practices Act when it terminated his employment.

159. The defendant engaged in discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under the provisions of the Connecticut Fair Employment Practices Act.

160. The defendant's refusal to promote the plaintiff to the position of Sergeant constitutes unlawful national origin and ethnicity discrimination.

161. At all times, the plaintiff was fully capable and possessed the necessary qualifications to perform the duties of the position of Sergeant.

162. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged and the plaintiff is now suffering and will continue to suffer irreparable injury from his treatment by the defendant unless the defendant is enjoined by this Court.

163. Despite past and ongoing diligent efforts to secure a promotion to the rank of Sergeant, the defendant has refused to promote the plaintiff.

108. The plaintiff will suffer future pecuniary losses as a direct result of the defendant's discrimination.

### VIII.  PRAYER FOR RELIEF

WHEREFORE, THE PLAINTIFF PRAYS THAT THIS COURT:

A. As to the First Cause of Action:

    (a) Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights;

    (b) Enjoin the defendant from engaging in such conduct;

    (c) Award plaintiff the equitable relief of back salary and fringe benefits up to the date of judgment, together with prejudgment interest for that entire period as well as front salary and benefits accrual;

(d) Award the plaintiff the equitable relief of instatement to the position of Sergeant in the State of Connecticut Department of Public Safety, Division of State Police;

(e) Award plaintiff compensatory damages;

(f) Award plaintiff his costs and attorney fees; and

(g) Grant such other and further relief as the Court may deem just and proper.

**THE PLAINTIFF REQUESTS A TRIAL BY JURY.**

THE PLAINTIFF – JACK GONCALVES

BY /s/ Thomas W. Bucci
Thomas W. Bucci
Fed. Bar #ct07805
WILLINGER, WILLINGER & BUCCI, P.C.
855 Main Street
Bridgeport, CT  06604
Tel: (203) 366-3939
Fax: (203) 337-4588
Email: thomasbucci@earthlink.net




EXHIBIT 1

**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5063 0669

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

September 21, 2010

Mr. Jack Goncalves
c/o Thomas W. Bucci, Esquire
Law Office of Willinger, Willinger, et al.
Attorney at Law
855 Main St.
Bridgeport, CT  06604

Re:  EEOC Charge Against State of Connecticut, Dept. of Pub. Safety, Div. of State Police
     No. 16A201000249

Dear Mr. Goncalves:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC Boston Area Office, Boston, MA.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                        Sincerely,

                                        Thomas E. Perez
                                        Assistant Attorney General
                                        Civil Rights Division

                                    by  /s/ Karen J. Ferguson
                                        Karen L. Ferguson
                                        Supervisory Civil Rights Analyst
                                        Employment Litigation Section

cc:  Boston Area Office, EEOC
     State of Connecticut, Dept. of Pub. Safety, Div. of State Police

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES



**Jack Goncalves**
COMPLAINANT

vs.   DATE: September 10, 2010

**State of CT Dept. of Public Safety**
RESPONDENT

CHRO Case No. 1020242   EEOC No. 16A-2010-00249

## RELEASE OF JURISDICTION

Pursuant to the request for a release of jurisdiction, the Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint in accordance with CONN. GEN. STAT. § 46a-101. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

**A copy of any civil action brought pursuant to this release must be served on the Commission at 21 Grand Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

In granting this release, the Commission expressly finds in accordance with CONN. GEN. STAT. §§ 46a-100 and 46a-101(b) that all conditions precedent to the issuance of the release have been met. The complaint was timely filed under CONN. GEN. STAT. § 46a-82 and the complaint has been pending for a period of not less than 210 days. The complaint is not currently scheduled for public hearing nor is there reason to believe that the complaint will be resolved within a period of 30 days from the date the Commission received the request.

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

With the granting of this release of jurisdiction, the Commission administratively dismisses this complaint in accordance with CONN. GEN. STAT. § 46a-101(d) without cost or penalty to any party.

Very truly yours,

Robert J. Brothers, Jr.
Executive Director

cc: Complainant:
Complainant's Attorney: Attorney Thomas W. Bucci
Respondent:
Respondent's Attorney: Attorney Nichelle A. Brooks